UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN W WOLSIEFFER,

               Petitioner,

v.

STATE OF WASHINGTON,

               Respondent.

Case No. 3:20-cv-06237-MJP-TLF

REPORT AND RECOMMENDATION

Noted for May 28, 2021

Petitioner, Steven Wolsieffer, proceeds *pro se* in this federal habeas action brought pursuant to 28 U.S.C. § 2254 and filed on July 24, 2020. *See* Dkt. 3. After reviewing the petition, the Court declined to serve the petition, but gave petitioner an opportunity to show cause why this case should not be dismissed as unexhausted. *See* Dkt. 6. Petitioner was ordered to show cause on or before April 9, 2021. *Id.* The Court warned petitioner that failure to respond to the Court's order may result in the Court recommending dismissal of this action. *Id*.

Petitioner has failed to comply with the Court's Order. He has not filed any response to the order. This case should therefore be dismissed without prejudice for failure to comply with a Court order and for failure to exhaust state remedies. The Court should further deny petitioner's "Motion to Compel Information" (Dkt. 4) and "Motion for Vicarious Exhaustion of State Remedies" (Dkt. 5) if the Court adopts the recommendation that the petition be dismissed. And, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his 2018 conviction and sentence in Thurston County Superior Court under case numbers 17-1-01493-34/18-1-02083-34. Dkt. 3. In his

REPORT AND RECOMMENDATION - 1

petition, petitioner contends his federal constitutional rights were violated under the Fifth, Thirteenth and Fourteenth Amendment because he was not charged by Grand Jury Indictment. Dkt. 3, at 18-20.

Petitioner indicates he pled guilty and did not file a direct appeal or any other petitions, applications or motions concerning his judgment of conviction in state court. Dkt. 3, at 2-4. Petitioner indicates that he does not intend to bring his claims to the state courts – state courts would never have the opportunity to consider the habeas claims raised in his federal petition – asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution.[1] Dkt. 3, at 18-20. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

By order dated March 18, 2021, petitioner was given an opportunity to show cause why his petition should not be dismissed as unexhausted. *See* Dkt. 6. Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his federal claims, he must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner failed to respond to the Court's order and the petition should be dismissed without prejudice for this reason

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 6, at 12. The Court interprets this as a typographical or scrivenor's error however as petitioner makes clear in his explanation to the question that "**[n]o grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.*, at 19 (emphasis added).

REPORT AND RECOMMENDATION - 2

alone. And for the reasons discussed below, the petition should also be dismissed as unexhausted.

DISCUSSION

**A.  Habeas Corpus Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition should be dismissed without prejudice as unexhausted. Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review. Dkt. 3, at 2-20. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2] Petitioner indicates that he does not intend to bring his claims to the state courts. Dkt. 3, at 18-20.

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of federal habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

---

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

REPORT AND RECOMMENDATION - 3

(emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be federal habeas corpus petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside of its jurisdictional or statutory governing limits." Dkt. 3, at 18-20. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts.

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and presents no colorable claim that an exception to the exhaustion requirement applies in his case. Accordingly, petitioner is not eligible for federal habeas review.[3] [4] Dkt. 3, at 3-14; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing*.") (emphasis added).

**B.    "Motion to Compel Information"**

Petitioner has filed a document entitled "Motion to [Compel] for Information (Show Cause)." Dkt. 4. This document does not remedy the deficiencies in the petition

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[4] It appears that petitioner's substantive constitutional claims also lack merit as it has long been settled that there is no denial of Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

noted by the Court's order to show cause. *Id.* The document asks the Court to "order Respondent to present the Bill of Indictment by a Grand Jury causing the order of Petitioner's arrest and detainment" and to "proceed in a summary way" to decide the petition. *Id.* Petitioner also reiterates some of his jurisdictional arguments and asks the court to consider the merits of his constitutional claims (that his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment) without requiring exhaustion. *Id.* Petitioner argues that because a habeas petition is "an original civil action," and "NOT an appeal or a mechanism requesting the review of [his] judgment of conviction," that his right to habeas may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

Accordingly, the Court should deny petitioner's "Motion to Compel Information" (Dkt. 4) as moot, if the Court adopts the recommendation that the petition be dismissed.

**C.     "Motion for Vicarious Exhaustion of State Remedies"**

Petitioner has also filed a document entitled "Motion for Vicarious Exhaustion of State Remedies." Dkt. 5. Petitioner argues the Court should find he has "vicariously exhausted" his claims based on the Court's decision in a separate federal habeas action, *Fischer v. State of Washington*, C20-051-TSZ. Petitioner argues that if another member of a "class" satisfies the requirement to exhaust their "administrative remedies",

REPORT AND RECOMMENDATION - 6

it is enough for all other similarly situated members of the class to be considered to have exhausted. *Id.*

In *Fischer*, United States District Judge Thomas S. Zilly rejected the Magistrate Judge's conclusion that the petitioner, Mr. Fischer, failed to exhaust his state court remedies. *See Fischer v. State of Washington*, No. C20-051-TSZ, Dkt. 5, 2020 WL 916189 (W.D. Wash. Feb. 26, 2020). The Court in that case cited to the fact that Mr. Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals. *Id.*

Yet it is not clear from the materials cited, whether Mr. Fischer presented to the state courts the same claims asserted in his federal habeas petition. A petitioner must present the same claims to the state's highest court that are later presented to the federal court in the habeas corpus petition, i.e. the same bases for each claim – both legal and factual bases – in order to satisfy the exhaustion requirement. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) ("[I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). It appears that although Mr. Fischer had appealed his judgment and filed personal restraint petitions, he *had not* presented to the state courts the four

REPORT AND RECOMMENDATION - 7

constitutional grounds asserted in his habeas petition because he believed the State of Washington lacked jurisdictional authority to decide those constitutional issues. *See Fischer*, No. C20-051-TSZ, Dkt. 3, at 5-12.[5]

Moreover, petitioner's claims in this case are not brought in a class action nor is the exhaustion of "*administrative* remedies" at issue. Because it is clear the petitioner has not presented the *precise claims* to the state court that he now presents in his federal habeas corpus petition, he has not properly exhausted his claims. Petitioner's perception that the state courts would be unsympathetic to his claims does not excuse his failure to present and exhaust his claims. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

The Court should deny petitioner's "Motion for Vicarious Exhaustion of State Remedies" (Dkt. 6).

## CONCLUSION AND DEADLINE FOR OBJECTIONS

For the foregoing reasons, this Court recommends that petitioner's federal habeas corpus petition (Dkt. 3), and this action, be **dismissed without prejudice for failure to respond to a Court order and as unexhausted.**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."

---

[5] The Court notes that the petition in *Fisher* was dismissed on other grounds – as untimely and barred by the statute of limitations – without reaching the merits of petitioner's claims. *Fischer*, No. C20-051-TSZ, Dkt. 5, 2020 WL 916189.

REPORT AND RECOMMENDATION - 8

*See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court should **deny a certificate of appealability.** A proposed order accompanies this Report and Recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 28, 2021**, as noted in the caption.

Dated this 12th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9